IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DANNY HOLLOWAY**                                                                         **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 4:12CV100-SA-SAA**

**TRIDENT INSURANCE SERVICES, LLC**                                **DEFENDANTS**

## MEMORANDUM OPINION

Defendant filed a Motion for Change of Venue [6] in which it requested an intra-district transfer from the Greenville Division to either the Aberdeen or Oxford Division. After reviewing the motion, response, rules and authorities, the Court makes the following findings:

*Factual and Procedural Background*

This case revolves around a car accident that took place in Alcorn County, Mississippi, which is located in the Aberdeen Division of the Northern District of Mississippi. Plaintiff, who was driving a vehicle belonging to the Alcorn County Sheriff's Department at the time of the crash, resides in Tippah County, Mississippi, which is located in the Oxford Division. However, Plaintiff filed this case in the Greenville Division whereupon the case was randomly assigned to District Judge Aycock according to the policies and procedures of the Northern District of Mississippi.[1] Defendant resides in San Antonio, Texas, and is the insurer of the vehicles of the Alcorn County Sheriff's Department. Defendant does not contest the existence or validity of the

---

[1] It is the practice of this District to assign a certain percentage of cases filed in each division to judges sitting in other divisions in order to prevent judge-shopping and to maintain uniformity within the District. See Merchant, 628 F. Supp. 695, n. 4 (N.D. Miss. 2009) (outlining the percentage of cases randomly re-assigned to each judge per division).

insurance policy, only whether Plaintiff was acting under the scope of his employment at the time of the accident.

*Standard*

Venue may be transferred "for the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion to transfer venue should be granted if "the movant demonstrates that the transferee venue is clearly more convenient" considering (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the local interest in having localized interests decided at home; (6) the administrative difficulties flowing from court congestion; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws. In re Volkswagen of Am., Inc. (Volkswagen II), 545 F.3d 304, 315 (5th Cir. 2008) (en banc). These eight factors "apply as much to transfers between divisions of the same district as to transfers from one district to another." In re Radmax, Ltd., 2013 WL 3018520, *1 (5th Cir.). Further, these factors are not simply tally marks to be weighed evenly, but as the court discerns. Id. at n. 8.

*Analysis and Discussion*

The first factor this Court considers is the relative ease of access to sources of proof. As Plaintiff points out, and Defendant admits, some proof lies in San Antonio, Texas, in the form of insurance documents. However, the relevant documents are also present in Alcorn County. Aside from the policy, the relevant evidence will necessarily relate to Plaintiff's employment and the

accident. All employment records, the site of the accident, and personnel capable of testifying about Plaintiff's employment are located in Alcorn County, which is 89.2 miles from Aberdeen; 85.5 miles from Oxford; and 220 miles from Greenville. Another source of proof is Plaintiff's medical records, which are located both in Alcorn County and Florence, Alabama, where Plaintiff was treated after the accident. Aberdeen is by far the closest court to Alabama, Oxford being the next nearest, and Greenville being on the opposite side of Mississippi. This factor leans in favor of transferring either to Aberdeen or Oxford because they are both over one hundred miles closer than Greenville to most of the proof, but more in favor of Aberdeen because of its proximity to Alabama.

Second, the availability of compulsory process to secure witnesses leans in favor of transferring to Aberdeen. Plaintiff suggests that because Defendant has not named any specific witnesses at this point in the case that this factor is neutral. Defendant, however, has expressed that it intends to call several witnesses from Alcorn County and Alabama to support its case. As stated above, Aberdeen is in the best geographical position to accommodate any witnesses coming from those areas. Greenville is over 200 miles away from those witnesses, which means that any subpoenas for witnesses would be subject to motions to quash, increasing the cost of litigation. FED. R. CIV. P. 45(c)(3). Further, because the distance is greater than 100 miles, Defendant would be unable to even subpoena any witnesses from Alabama if the trial was held in Greenville or in Oxford. FED. R. CIV. P. 45(c)(A)(ii). This factor weighs heavily in favor of transfer to Aberdeen.

Third, the cost of attendance for willing witnesses also favors transferring to Aberdeen. The distance from Alcorn County to Greenville is well over 100 miles, and the distance from Alabama to either Greenville or Oxford is over 100 miles. Holding court in Aberdeen, therefore,

will save potential witnesses time and money in travel, food, and lodging. See In re Volkswagen AG (Volkswagen I), 371 F.3d 201, 205 (5th Cir. 2004) ("Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.").

Fourth, the practical problems that make trial of a case easy lean heavily in favor of transferring to Aberdeen. When this case was filed, it was randomly assigned to the undersigned judge. See Johnson v. Lewis, 645 F. Supp. 2d 578 (N.D. Miss. 2009); Johnson v. Merchant, 628 F. Supp. 2d 695 (N.D. Miss. 2009) (explaining the practice and reasoning of random case assignment in the Northern District of Mississippi, which lends to this District giving more weight to the practical problems factor). The undersigned judge's "home seat" is in Aberdeen. Were this case to be held in Greenville, the undersigned and her staff would need to travel over 400 miles round-trip daily or find lodging until the trial was concluded. On top of that, there are no visiting judge chambers in Greenville, which often leads to scheduling conflicts. Usually, this factor must be weighed against the first three – who should bear the expense of travel, the Court or the parties and their witnesses? However, in this case, all will benefit by transferring the case from Greenville to Aberdeen.

Fifth, the local interest in having this case decided at home favors transfer to Aberdeen. All of the facts of this case occurred in the Aberdeen Division, and the Court finds Plaintiff's assertion meritless that because Defendant does business in all the divisions, this factor favors retaining the case in Greenville. The last three factors are neutral. The only factor favoring Greenville is Plaintiff's choice of venue. To overcome Plaintiff's choice of venue, Defendant must show "good cause" to transfer. Volkswagen II, 545 F.3d at 314. In light of the first five

factors favoring transfer to Aberdeen and the last three factors being neutral, it is this Court's belief that Defendant has met this light burden of showing good cause.

*Conclusion*

Because the § 1404 factors strongly suggest transferring this case from Greenville, Defendant's Motion for Change of Venue [6] is hereby GRANTED. This case is therefore transferred from the Greenville Division to the Aberdeen Division of the Northern District of Mississippi.

SO ORDERED this the 30th day of July, 2013.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**